UNITED STATES of America

v.

Kareem MILLHOUSE, Appellant.

No. 14–4014.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and
I.O.P. 10.6 May 7, 2015.

Opinion filed: June 3, 2015.

Christopher J. Christie, Esq., Mark E.
Coyne, Esq., Office of United States Attor-
ney, Newark, NJ, William E. Fitzpatrick,
Esq., Norman Gross, Esq., Deborah P.
Mikkelsen, Esq., Office of United States
Attorney, Camden, NJ, for United States
of America.

Kareem Hassan Millhouse, Lewisburg,
PA, pro se.

Before: RENDELL, CHAGARES and
SCIRICA, Circuit Judges.

OPINION *

PER CURIAM.

Kareem Millhouse, a federal prisoner
proceeding pro se, appeals from an order
of the United States District Court for the
Eastern District of Pennsylvania dismiss-
ing his petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2241. We will
affirm.

In 2007, Millhouse was convicted in a
bench trial of attempted aggravated sexual
abuse, attempted sexual abuse, attempted
escape, assault, and possession of a dan-
gerous weapon in a federal facility.[1] He
was sentenced to 300 months in prison,
and we affirmed. *United States v. Mill-
house,* 317 Fed.Appx. 201, 202 (3d Cir.
2009). Millhouse subsequently filed a mo-
tion pursuant to 28 U.S.C. § 2255, which
was denied. It does not appear that he
sought a certificate of appealability regard-
ing that decision.

In 2014, Millhouse filed a habeas peti-
tion pursuant to 28 U.S.C. § 2241 claiming
that he is actually innocent of aggravated
sexual abuse, sexual abuse, assault, and
escape because those offenses were not
included in the indictment by virtue of the
fact that he was indicted on attempted
offenses. The District Court dismissed
the petition for lack of jurisdiction, con-
cluding that (1) the claim could be raised
only, if at all, in a § 2255 motion, and (2)
Millhouse had not obtained leave to file a
second § 2255 motion. This appeal fol-
lowed.

We have jurisdiction pursuant to 28
U.S.C. § 1291, and we exercise plenary
review over the District Court's legal con-
clusions. *See Cradle v. United States ex
rel. Miner,* 290 F.3d 536, 538 (3d Cir.2002)
(per curiam). We agree with the District

---

* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1. The amended judgment reflects that Mill-
house was convicted of aggravated sexual
abuse, sexual abuse, and escape. *United
States v. Millhouse,* No. 2:06–cr–00397
(E.D.Pa. Feb. 20, 2008), ECF No. 145. How-

ever, he was indicted on attempted offenses,
ECF No. 12, and the trial judge's opinions
regarding a post-conviction motion for a new
trial, ECF No. 123, and Millhouse's § 2255
motion, ECF No. 226, state that he was con-
victed of attempted offenses. This discrepan-
cy is the basis for Millhouse's current chal-
lenge.

Court that Millhouse's § 2241 petition was not viable. He challenged the validity of his convictions, and "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002). As the District Court noted, Millhouse could proceed with a § 2255 motion only with authorization from this Court—something he had not obtained. *See Robinson v. Johnson,* 313 F.3d 128, 139 (3d Cir.2002).

Although a petitioner may challenge a conviction pursuant § 2241 if a § 2255 motion would be "inadequate or ineffective," this exception applies only in rare circumstances. In *In re Dorsainvil,* 119 F.3d 245, 251–52 (3d Cir.1997), we recognized that a § 2255 motion would be "inadequate or ineffective" where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted. Millhouse, however, cannot avail himself of this exception. The conduct underlying his convictions is still a crime, and Millhouse does not argue otherwise. Nor does his contention of actual innocence, which is based solely on a ministerial discrepancy between certain documents in the record, constitute an extraordinary circumstance justifying the use of § 2241. *See Cradle,* 290 F.3d at 539. In sum, Millhouse may not use § 2241 to evade the stringent gatekeeping requirements of § 2255. *Id.* Accordingly, we will summarily affirm the District Court's order. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not